## ISAAC LANDRUM v. THE STATE.

EVIDENCE. *Whether negative. Instruction. Criminal practice.*
Upon the trial of an indictment charging L. with having assaulted T. with the intent to kill and murder him with a knife, one witness for the State testified that he saw L. strike T. with an open knife in his hand, and several witnesses for the defendant testified that L. had no knife in his hand, and that they had as good opportunities for observation as the State's witness had. The court instructed the jury that, "Testimony as to what a man saw or heard is positive testimony, and testimony as to what he did not see or hear is negative testimony, and, as a rule of law, the positive testimony of a single witness is of more worth than the negative testimony of a number, the witnesses being equal in other respects." *Held*, that the instruction was inapplicable and improper in this case, and the jury should have been left free to decide between the contradictory testimony.

APPEAL from the Circuit Court of Jones County.

HON. A. G. MAYERS, Judge.

In May, 1882, Isaac Landrum was indicted upon the charge of having assaulted D. L. Tucker, on the 1st of April, 1882, with a knife, a deadly weapon, intending to kill and murder him. · At the November, 1883, term of the court, Landrum was put upon his trial. The evidence showed these facts : , D. L. Tucker and James Landrum, Jr., being engaged in a fight inside of a sheep pen, some one present called to Isaac Landrum, brother of James Landrum, Jr., to come and assist in parting the combatants. Isaac Landrum, who was in another pen when called, hurried into the pen where the fight was progressing, and as he came up he met D. L. Tucker, who had broken away from his adversary and was fleeing. Isaac Landrum turned and pursued Tucker till the latter leaped over the fence and got out of and ran away from the pen.

One witness for the State testified that while Tucker was cross-ing the fence the defendant struck at him with an open pocket-knife, which was a deadly weapon. Several witnesses for the de-fendant swore that the defendant caught at Tucker getting over the fence with his open hand merely, having no knife in it. The proof established the fact that after the conflict was over, Tucker was found to have received a slight cut in the back. But one of the witnesses for the defendant testified that he separated Tucker and James Landrum, Jr., when they were fighting, and that while doing so he, the witness, had an open knife in his hand.

The seventh instruction given for the State was in the following language :

"Testimony as to what a man saw or heard is positive testimony, and testimony as to what he did not see or hear is negative testi-mony, and, as a rule of law, the positive testimony of a single wit-ness is of more worth than the negative testimony of a number, the witnesses being equal in other respects."

The jury found the defendant guilty ; he moved for a new trial, on the ground that the instructions for the State were erroneous, and the verdict contrary to the law and evidence ; and his motion being overruled, he appealed to this court.

*J. L. McCaskill*, for the appellant.

The seventh instruction for the State is not applicable to the testimony, as there is no negative testimony in the record, except that of Rufus Landrum, a State's witness, and could but confuse and mislead the jury by creating in their minds the impression that the testimony of the defendant's witnesses was all negative, when the record shows that they were all positive that Landrum had no knife in his hand at the time he caught at or attempted to catch Tucker.

*T. S. Ford*, Attorney General, for the State.

The seventh instruction was not erroneous, and in view of the testimony was properly given.

The credibility of the witnesses for the defense and the State it was for the jury to determine. If they discredited the testimony of the defendant's witnesses, and accepted that of the State's witness, it was in the exercise of the discretion which was their province, and if they were not misled by erroneous charges their verdict should stand.

CAMPBELL, J., delivered the opinion of the court.

The seventh instruction for the State should not have been given. It was inapplicable, because the witnesses contradicted each other under such circumstances as to compel the rejection of the testimony of some of them as untrue. One witness testified that the defendant had an open knife in the hand with which he struck at Tucker, and several witnesses testified that he did not have a knife in his hand, and that they saw him under circumstances as favorable to observation by them as by the witness who testified to the knife in the defendant's hands. In this state of case the jury should not have been told that the law required the belief of one witness or class of witnesses rather than another, but it should have been left free to decide between the contradictory testimony, without having thrown into the scale on one side a maxim of uncertain meaning and questionable value except in the particular state of case to which it is strictly applicable.

This instruction must have been potent in resolving the case

against the defendant. It virtually determined the verdict. A new trial should be had.

*Reversed and remanded.*